UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Larena M.,

                              Plaintiff,

v.                                                      1:20-CV-1018
                                                        (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH HILLER, ESQ.
  Counsel for Plaintiff                         CORINNE MANFREDI, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     ARIELLA ZOLTAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

## A.    Factual Background

Claimant was born in 1988.  (T. 81.)  He completed high school.  (T. 40.)
Generally, Claimant's alleged disability consists of muscle fascia and ligament disorder.
(T. 79.)  His alleged disability onset date is January 13, 2014.  (T. 81.)

## B.    Procedural History

In a determination dated May 13, 2014, Claimant was found disabled beginning
January 13, 2014.  (T. 83.)  On October 5, 2016, it was determined that Claimant was
no longer disabled since October 5, 2016.  (T. 90-95.)  Thereafter, Claimant filed a
written request for a hearing before an Administrative Law Judge.  Claimant appeared
and testified at a hearing held on March 5, 2019, with Administrative Law Judge ("ALJ")
Stephen Cordovani.  (T. 29-69.)  On April 29, 2019, ALJ Cordovani issued written
decision finding Claimant not disabled under the Social Security Act.  (T. 9-28.)  On
June 8, 2020, the Appeals Council ("AC") denied Claimant's request for review, rending
rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)
Thereafter, Claimant timely sought judicial review in this Court.  While Claimant's case
was pending in this Court he passed away and his surviving wife was substituted as
Plaintiff.  (Dkt. No. 19.)

## C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and
conclusions of law.  (T. 13-21.)  First, the ALJ found the most recent favorable decision
finding Claimant disabled, also known as the "comparison point decision (CPD)," is
dated May 13, 2014.  (T. 13.)  Second, the ALJ found at the time of the CPD Claimant
had the medically determinable impairments of asthma and history of gunshot injury to

the chest, abdomen, right hand, right elbow, right lower leg, left upper leg, and was wheelchair dependent.  (T. 13-14.)  The impairments were found to meet Listing 1.02 located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 14.)  Third, the ALJ found since October 5, 2016, Claimant had the medically determinable impairments of: asthma; right knee osteoarthritis; peripheral neuropathy; heart palpitations; and history of gunshot injury to the chest, abdomen, right hand, right elbow, right lower leg, left upper leg.  (T. 14.)  Fourth, the ALJ found since October 5, 2016, Claimant had not had an impairment or combination of impairments which meets or medical equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.) Fifth, the ALJ determined medical improvement occurred on October 5, 2016.  (T. 15.) Sixth, the ALJ determined the medical improvement was related to the ability to work because Claimant's CPD impairments no longer met or medically equaled Listing 1.02. (T. 16.)  Seventh, the ALJ determined since October 5, 2016, Claimant continued to have a severe impairment or combination of impairments.  (*Id*.)  Eighth, the ALJ determined, since October 5, 2016, Claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with additional limitations to:

> occasionally pushing and pulling; occasional squatting and bending; occasional ramps or stairs; no kneeling, crouching, or crawling; no use of ladders, ropes, or scaffolds; no work at unprotected heights; no foot controls; and no driving.  He requires the use of a cane or crutch during ambulation.

(T. 16-17.)[1]  Ninth, the ALJ determined Claimant had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Claimant could perform.  (T. 20-21.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ's determination that medical improvement occurred as of October 5, 2016, is not supported by substantial evidence.  (Dkt. No. 12 at 11-15.)  Second, and lastly, Plaintiff argues the ALJ failed to properly evaluate Claimant's impairments of chronic diarrhea resulting from gunshot wounds and status post partial bowel resection.  (*Id*. at 16-20.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B.   Defendant's Arguments

In response, Defendant makes four arguments.  First, Defendant argues substantial evidence in the record supports the ALJ's findings that medical improvement occurred as of October 5, 2016, and that Claimant demonstrated the ability to perform sedentary work as of that date.  (Dkt. No. 13 at 9-14.)  Second, Defendant argues Plaintiff has not shown that the ALJ erred in concluding that medical improvement occurred as of October 5, 2016.  (*Id*. at 14-20.)  Third, Defendant argues the ALJ properly considered Claimant's complaints of abdominal pain chronic diarrhea and

---

[1]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R.  § 416.967(a).

reasonably concluded that they were not fully supported by the record.  (*Id*. at 20-22.)
Fourth, and lastly, Defendant argues Plaintiff has not satisfied her burden of proving
Claimant could not perform work commensurate with the ALJ's RFC finding.  (*Id*. at 22.)

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo*
whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.
Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the
Commissioner's determination will only be reversed if the correct legal standards were
not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*,
817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether
the ALJ applied correct legal principles, application of the substantial evidence standard
to uphold a finding of no disability creates an unacceptable risk that a claimant will be
deprived of the right to have her disability determination made according to the correct
legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*,
615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla,"
and has been defined as "such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.
1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational
interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v.
Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon *a de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability and Medical Improvement**

To receive SSI under the Act, a claimant must furnish evidence establishing that he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 1382c(a)(3)(A), (a)(3)(H)(i). That evidence must show he is unable to work due to a physical or mental impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. § 423(d)(5)(A). Such impairments must be expected to result in death or have caused or be expected to cause disability for a continuous period of at least 12 months. *Id.*; 20 C.F.R. § 416.909; *Barnhart v. Walton*, 535 U.S. 212, 216-222 (2002).

The claimant's impairments must also be so severe that he is unable to do his past work or and any other substantial gainful work existing in significant numbers in the national economy based on her age, education, and work experience.  42 U.S.C. § 423(d)(2)(A).  Once entitlement to benefits has been established, the Commissioner may terminate or suspend the payment of disability insurance benefits on the basis of a finding that the physical or mental impairment upon which disability benefits have been granted either has ceased, does not exist, or is no longer disabling.  *Id*. § 423(f).

The Commissioner has established an eight-step sequential evaluation process to adjudicate whether a claimant's previous disability has ended.  20 C.F.R. § 416.994(b).  First, the decision will determine whether the claimant has an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in Appendix 1 of Subpart P of Part 404 of the regulations (the Listings).  *Id*. § 416.994(b)(5)(i).  At the second step of the process, the decision must determine whether medical improvement has occurred.  *Id*. § 416.994(b)(5)(ii).  At the third step, the decision determines whether medical improvement is related to the ability to work.  *Id*. § 416.994(b)(5)(iii).  At step four, which applies only if there has been no medical improvement or if medical improvement is not related to the ability to work, the decision determines if an exception to medical improvement applies.  *Id*. § 416.994(b)(5)(iv).  At step five, if medical improvement is shown to be related to the claimant's ability to do work or if one of the first group of exceptions to medical improvement applies, the decision will determine whether all of the claimant's current impairments in combination are severe.  *Id*. § 416.994(b)(5)(v).  At step six, the decision will assess the claimant's RFC based on the current impairments and determine if he

7

can perform past relevant work.  *Id*. § 416.994(b)(5)(vi).  At the final steps, the decision

must determine whether other work exists that the claimant can perform, given his

residual functional capacity and considering his age, education, and past work

experience.  *Id*. § 416.994(b)(5)(vii)-(viii).

## IV.   ANALYSIS

### A.  Comparison of Medical Evidence

Plaintiff argues the ALJ failed to engage in a proper comparison of Claimant's

conditions and functioning at the time he was initially found disabled, May 13, 2014, and

as they existed at the time of review.  (Dkt. No. 12.)  Plaintiff makes the related

argument the ALJ failed to develop the record "when it became apparent that

[Claimant's] counsel at the time was unable to obtain the missing medical

documentation within the time provided."  (*Id*. at 14.)  Lastly, Plaintiff argues there is no

evidence to support the October 5, 2016, date as the appropriate date of improvement.

(*Id*.)  For the reasons outlined below, the ALJ properly compared evidence in the record

from the date of the CPD and at the time of review, the record was developed, and

substantial evidence supported an improvement date of October 5, 2016.

The "SSA must compare 'the current medical severity of th[e] impairment[ ]... to

the medical severity of that impairment[ ] at th[e] time' of the most recent favorable

medical decision."  *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002) (quoting 20

C.F.R. § 404.1594(b)(7)).  To make this comparison, the ALJ must examine the medical

evidence that existed at the time of the initial disability determination and compare it to

the new medical evidence and submit both sets of medical evidence to this Court.

*Veino*, 312 F.3d at 587.  Absent previous medical records, "the administrative record

lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that [a present] condition represents an 'improvement.' "  *Id.*  Remand is required where "the ALJ did not cite or discuss any medical evidence that supported the initial finding of plaintiff's disability."  *Hathaway v. Berryhill*, 687 F. App'x 81, 84 (2d Cir. 2017).

Plaintiff asserts the ALJ came to a conclusion "despite the absence of medical evidence that was used to render the disability decision in May 2014."  (Dkt. No. 12 at 12.)  Plaintiff's assertion in incorrect.  Claimant was initially found disabled on May 13, 2014.  (T. 88.)  At the time he was found disabled, the medical evidence in the record consisted of a consultative examination and opinion by Liu Hongbiao, M.D., physical therapy records, and primary care records from Erie County Medical Center ("ECMC"). (T. 85-86.)  Consistent with the record from 2014, the record before the ALJ in 2019 contained Dr. Hongbiao's 2014 examination and opinion (T. 497-500), ECMC records dated December 17, 2013, through February 20, 2014 (T. 483-488), and physical therapy records dated March 3-6, 2014 (T. 491-496.)  In his 2019 decision, the ALJ cited Dr. Hongbiao's examination and opinion, ECMC records, and physical therapy records.  (T. 15.)  The ALJ noted Claimant required a wheelchair, had reduced range of motion in multiple areas, markedly decreased sensation, reduced grip strength and markedly reduced dexterity.  (*Id.*)  The ALJ noted Dr. Hongbiao opined Claimant had severe limitation for lifting, carrying, bending, kneeling, and prolonged walking.  (*Id.*) Lastly, the ALJ noted Claimant was observed to have an abnormal gait with a slow cadence and attended physical therapy.  (*Id.*)  Therefore, at the time of the 2019 hearing, the ALJ had before him all of the evidence the Administration relied on in

making its May 2014 disability determination and the ALJ thoroughly discussed the evidence.

Next, Plaintiff's conclusory argument that the ALJ was obligated to supplement the record by obtaining "pertinent evidence" of Claimant's impairments at the time of the comparison point decision, fails.  (Dkt. No. 12 at 14.)  As outlined above, the ALJ had before him all of the records the Administration relied on in making its disability determination.

Plaintiff's argument, that there is "no evidence" within the record that supports October 5, 2016, as the date of improvement, is without merit.  (Dkt. No. 12 at 14.)  On October 4, 2016, non-examining State agency medical examiner, D. Martin, reviewed the record and concluded Claimant had "significant medical improvement related to [his] ability to work" and therefore disability was ceased.  (T. 80.)  Therefore, October 5, 2016, the day after Dr. Martin issued his opinion, was directly related to the day the Claimant's impairments significantly improved.

Plaintiff further faults the ALJ for relying on evidence of an emergency room visit in March 2016, the consultative examination in September 2016, and a non-examining state agency review consultant's opinion in September 2016.  (Dkt. No. 12 at 15.) Plaintiff argues, because this medical evidence was before the ALJ's determined medical improvement date such evidence cannot support the conclusion that Claimant improved thereafter.  (*Id*.)  Plaintiff's argument fails.  Although Claimant was still considered disabled by the Administration in March and September of 2016, the Administration was reviewing his case and it was this evidence that Dr. Martin relied on in making his determination that Plaintiff's condition improved.  Another non-examining

State agency medical examiner, Dr. Koenig, concluded on September 23, 2016 the evidence supported a finding Claimant was able to perform sedentary work.  (T. 369.) For the reasons further outlined below, the ALJ properly compared the evidence in the record from the time Claimant was found disabled to the period of Claimant's current claim.

Substantial evidence in the record supports the ALJ's determination that as of October 5, 2016, Claimant could perform sedentary work.  The ALJ compared the 2014 Administrative finding, Dr. Liu's examination and opinion, and other evidence at that time, with consultative examiner David Brauer's 2016 examination and opinion, as well as other medical opinions and evidence in the record, and reasonably concluded medical improvement occurred.  (T. 15.)  The ALJ determined, Claimant demonstrated more mild clinical findings and the ability to ambulate with crutches in 2016.  (*Id*.) Indeed, in contrast to Dr. Liu's 2014 findings of wheelchair dependence and significantly decreased range of motion, sensation, and grip strength, Dr. Bauer observed in 2016 Claimant ambulated with crutches and demonstrated mostly full ranges of motion, intact sensation, and full grip strength.  (*Compare* T. 498-99 *with* T. 361-362.)  The ALJ further noted as of 2016, Claimant could independently perform a wide range of activities, and was only seeing his primary care provider on a sporadic basis.  (T. 15-16.)  Additionally, the ALJ considered examinations performed between 2016 and 2018 generally revealed mostly normal range of motion, no evidence if instability, mostly full strength, and 2+ reflexes.  (T. 18, 423-424, 441, 445, 512, 518, 522, 566.)

The ALJ relied on medical opinion evidence provided by consultative medical sources, both examining and non-examining.  20 C.F.R. § 416.913a(b)(1) (the ALJ may

consider the opinions of State agency medical consultants in assessing a claimant's RFC because these consultants "are highly qualified and experts in Social Security disability evaluation"); *see Grega v. Saul*, 816 F. App'x 580, 582-583 (2d Cir. 2020) ("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record."); *see Micheli v. Astrue*, 501 F. App'x 26, 29 (2d. Cir. 2012) (the opinion of a State agency physician can provide substantial evidence to support ALJ's RFC finding, provided that the opinion is supported by evidence in the record).

The ALJ found Dr. Brauer's opinion "persuasive."  (T. 19.)  Dr. Brauer examined Plaintiff on September 12, 2016, and opined Claimant had no limitations in his ability to sit, mild to moderate limitations in his ability to stand for long period of time or walk for long distances, and moderate to marked limitations in his ability to squat, bend, climb, push, pull or carry heavy objects. (T. 362.) The ALJ explained Dr. Brauer's opinion was well supported by his detailed physical examination of Claimant.  (T. 19.)

The ALJ also found the opinions of non-examining State agency medical examiners, Drs. Miller and Koenig, "persuasive."  (T. 19.)  Dr. Koenig reviewed the evidence of record on September 23, 2016 and Dr. Miller reviewed the evidence on November 22, 2016.  (T. 369, 385.)  Both Drs. Koenig and Miller opined Claimant could occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk for at least two hours with a hand-held assistive device, sit for about six hours, push and pull up to ten pounds of weight, and occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps.  (T. 365-366, 385-386.)  The ALJ explained that both doctors supported their opinions with explanations and citations to

the record. (T. 19); *see* 20 C.F.R. § 416.927(c)(3). The ALJ further noted that the opinions were consistent with the record. (T. 19); *see* 20 C.F.R. § 416.927(c)(4).

Moreover, in support of his opinion, Dr. Koenig noted Claimant had previously met Listing 1.02 because he had demonstrated markedly decreased motion, strength, and sensation in his extremities, and had been severely limited in lifting, carrying, bending, kneeling, and prolonged walking. (T. 369.) Additionally, Claimant had been wheelchair dependent and had required assistance for all routine activities. (*Id*.) Dr. Koenig noted, however, Dr. Brauer's 2016 examination demonstrated Claimant was able to walk with crutches, and showed significantly improved range of motion, sensation, and motor strength. (*Id*.) Dr. Koenig further noted Claimant was not seeing a pain management specialist and was able to perform a wide range of activities. (*Id*.) Dr. Miller explained he was affirming Dr. Koenig's opinion in November 2016, because Claimant had not demonstrated any changes in his condition, new conditions, or new treatments since September 2016. (T. 385.) The ALJ therefore reasonably concluded Drs. Koenig's and Miller's opinions were well-supported and consistent with evidence in the record. (T. 19.)

In addition to medical opinion evidence, the ALJ considered treatment notes from 2016 through 2019 which indicated Claimant sought medical treatment for symptoms of abdominal pain, foot pain, knee, pain, and leg swelling. (T. 18.) The ALJ further acknowledged Claimant was diagnosed with knee osteoarthritis and was prescribed medication for pain. (*Id*.) However, although Claimant had been referred to a physical therapist, pain management specialist, orthopedist, podiatrist, and a gastroenterologist, the record did not show he followed up with any of these referrals. (*Id*.) Indeed, as the

ALJ noted, Claimant only sought periodic primary care treatment for his symptoms as of 2016.  (*Id*.)  Moreover, the ALJ noted providers observed at multiple visits in 2016, 2017, and 2018, Claimant was in no distress, with normal range of motion, no evidence of instability, normal strength, and 2+ reflexes.  (*Id*.)

The ALJ further considered Claimant's daily activities.  (T. 19.)  Specifically, the ALJ noted that Claimant testified that he was able to do laundry in the basement, travel to public places with his children and their mother, and able to carry bags and other items while using crutches.  (*Id*.)  Treatment notes indicate Claimant had no trouble with bathing, eating, dressing, grooming, or toileting. (T. 510.)  Additionally, Plaintiff testified he could lift a gallon of milk, walk a few blocks with crutches, and sit for few hours, provided he took breaks to stand up for a few minutes.  (T. 48-49.)  Therefore, the ALJ reasonably concluded Claimant's testimony and daily activities demonstrated his physical functioning had improved since 2014, and that he was capable of performing a limited range of sedentary work as of late 2016. (T. 19); *see Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (a claimant's daily activities may properly factor into the RFC determination).

Therefore, the ALJ's medical improvement determination, and conclusion that Claimant could perform sedentary work as of October 5, 2016, was proper and supported by substantial evidence in the record.

### B.  Impairment and Symptoms of Post Partial Bowel Resection

Plaintiff argues the ALJ erred in his overall evaluation of Claimant's post partial bowel resection and related symptoms of abdominal pain and chronic diarrhea.  (Dkt.

No. 12 at 16-20.)  For the reasons outlined below, the ALJ properly assessed symptoms and limitations due to Claimant's abdomen injury.

Insofar as Plaintiff argues the ALJ erred at step two, her argument is without merit.  (Dkt. No. 12 at 16, 19.)  At step two of the sequential evaluation process, the ALJ must determine whether a claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c). Here, at step two the ALJ determined Claimant suffered from multiple severe impairments, including history of gunshot injury to the abdomen.  (T. 14.)  Therefore, the ALJ did consider abdomen injuries as severe impairment at step two.  In the alternative, any error at step two would ultimately be harmless.  In his step four determination, the ALJ discussed Claimant's testimony and medical evidence in the record regarding "problems with bowel movement and diarrhea."  (T. 18); *see Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps). Therefore, the ALJ found Claimant's abdominal injury a severe impairment and discussed the impairment in the remainder of his decision.

Plaintiff argues the ALJ should have made specific findings regarding the frequency and anticipated length of bathroom breaks.  (Dkt. No. 12 at 19.)  Plaintiff outlines evidence in the record which she argues supports her conclusion that Claimant's abdominal impairment cause greater limitations than provided by the ALJ. (*Id*. at 17-20.)   However, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence

"means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review). In support of her argument Plaintiff cites primarily Claimant's self-reported symptoms. (Dkt. No. 12 at 17.) However, the ALJ found, and Plaintiff does not dispute, Claimant's reports of symptoms were not supported by evidence in the record. (T. 18.) Overall, although Plaintiff cites to evidence she claims supports her argument, she fails to show that no reasonable factfinder could have reached the ALJ's conclusion.

Substantial evidence in the record supports the ALJ's conclusion that Claimant's "problems with bowel movement and diarrhea" were not supported by the overall record. (T. 18.) In making his determination the ALJ cited evidence in the record that although Claimant had bowel resection due to his gunshot wounds, he regularly denied diarrhea or gastrointestinal problems aside from abdominal pain since October 2016. (*Id.*) Indeed, as cited by the ALJ, in 2017 Claimant present to ECMC to establish care

16

and reported he was "doing well however has chronic pain and neuropathy in his right foot" and he denied any other complaints.  (T. 422.)  On examination his abdomen was non-tender.  (*Id*.)  In 2018, Claimant complained of leg pain and denied bowel or bladder incontinence.  (T. 410.)  On examination his abdomen was non-tender.  (*Id*.)  Also, in 2018 Claimant presented to another provider for a physical examination.  (T. 450.)  Claimant reported to the provider his abdominal pain was "occasional," but denied "change in bowel habits."  (*Id*.)  Therefore, substantial evidence in the record supports the ALJ's determination Claimant suffered from abdomen injury due to gunshot wounds, however, his allegations of symptoms were not supported by the overall record.

The Court cannot set aside the Commissioner's disability determination unless it finds that the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154 .  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        March 14, 2022

William B. Mitchell Carter
U.S. Magistrate Judge